UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **TRACEE RAY**, an individual, | **CIVIL ACTION** |
| Plaintiff, | **Case No.  2:21-cv-400** |
| v. | **Judge:** |
| **MILLENNIUM PHYSICIAN GROUP, LLC**, a Florida limited liability company, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TRACEE RAY** ("**RAY**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.      This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2.      The Plaintiff, **TRACEE RAY** ("**RAY**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by **MILLENNIUM PHYSICIAN GROUP, LLC** ("**MILLENNIUM**" or "Defendant").

1

3.     Defendant, **MILLENNIUM** is a Florida limited liability company with a principal place of business in Lee County, Florida but which employed **RAY** in Collier County, Florida.

4.     **MILLENNIUM** employs in excess of 50 employees and is an employer under the FMLA.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.     **RAY** began her employment with the Defendant in November 2016 and was employed as a nurse.

8.     **RAY** always performed her assigned duties in a professional manner and was very well qualified for her position.

9.     In late December 2020, **RAY** and her husband, an orthopedic surgeon employed by **MILLENNIUM**, both contracted severe cases of Covid-19.

10.     So severe was Dr. James Ray's condition that he was hospitalized for weeks, including in the ICU, and there was grave doubt as to whether he would survive.

11.     The Defendant initially approved **RAY** for FMLA leave from December 29, 2020 to January 17, 2021.

12.     However, with her husband still hospitalized and struggling to overcome Covid-19, **RAY** requested additional FMLA leave.

13.     The Defendant initially denied the request and instead demanded **RAY** work from home while her husband lay hospitalized.

14.     The Defendant eventually acquiesced and approved additional FMLA leave from January 18, 2021 to February 22, 2021.

15.     However, the Defendant refused to allow **RAY** to be reinstated from her FMLA leave, despite her repeated requests, and ultimately terminated her employment on March 16, 2021.

16.     The Defendant terminated **RAY** as a result of exercising her FMLA rights.

17.     The Defendant's tangible, adverse employment actions were causally connected to **RAY**'s FMLA leave.

18.     The Defendant intentionally and systematically discriminated against **RAY** by using her FMLA leave as a substantial or motivating factor in the Defendant's decision not to continue **RAY**'s employment and terminating her.

19.     The Defendant's decision to terminate **RAY**'s employment violated **RAY**'s rights under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

20.     The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

21.     **RAY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **RAY** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

22.     **RAY** informed the Defendant of her likely need for leave for his own serious health condition.

23.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

24.     If the Defendant were to have decided that **RAY**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

25.     The Defendant has never provided **RAY** with any notice disqualifying her FMLA leave.

26.     In fact, the Defendant should have determined that **RAY** was eligible for leave under the FMLA and yet interfered with her rights by terminating her employment because of (a) her request for federally protected FMLA leave, (b) her taking of that leave, and (c) demanding reinstatement.

27.     The Defendant knew, or should have known, that **RAY** was exercising her rights under the FMLA and was aware of **RAY**'s need for FMLA-protected absence.

28.     **RAY** complied with all of the notice and due diligence requirements of the FMLA.

29.     The Defendant was obligated, but failed, to allow **RAY** to take FMLA leave and to return **RAY**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30.     A causal connection exists between **RAY**'s request for FMLA-protected leave and demand for reinstatement and her termination from employment with the Defendant because the Defendant denied **RAY** a benefit to which she was entitled under the FMLA.

31.     As a result of the above-described violations of FMLA, **RAY** has been

damaged by the Defendant in the nature of lost wages, salary, employment

benefits and other compensation and is therefore entitled to recover actual

monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of

right, an award of damages for lost wages and benefits, prejudgment interest, and

liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other

legal or equitable relief as may be appropriate, and an award of reasonable

attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other

such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

32.     The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this

Count by reference as though fully set forth below.

33.     **RAY** informed the Defendant of her likely need for leave for his own

serious health condition.

34.     **RAY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§

825.113(a); 825.800 since **RAY** began suffering from a serious health condition, had

worked for more than 1,250 hours in the previous 12 months, the FMLA defining

a serious health condition as an illness, injury, impairment, or physical or mental

condition that involves treatment by a health care provider.

6

35.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

36.     If the Defendant were to have decided that **RAY**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

37.     The Defendant has never provided **RAY** with any notice disqualifying her FMLA leave.

38.     In fact, the Defendant should have determined that **RAY** was eligible for leave under the FMLA.

39.     The Defendant knew, or should have known, that **RAY** was exercising her rights under the FMLA and was aware of **RAY**'s need for FMLA-protected absence.

40.     **RAY** complied with all of the notice and due diligence requirements of the FMLA.

41.     **RAY** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, (b) took that leave, and (c) requested reinstatement.

42.     A causal connection exists between **RAY**'s request for FMLA-protected leave and request for reinstatement and her termination from

employment with the Defendant because **RAY** engaged in statutorily protected activity by requesting FMLA leave.

43.    The Defendant retaliated by altering the terms and conditions of **RAY**'s employment by terminating **RAY**'s employment because she engaged in statutorily protected activity.

44.    The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **RAY**'s employment because she engaged in activity protected by the FMLA.

45.    As a result of the above-described violations of FMLA, **RAY** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **TRACEE RAY**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 19, 2021        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com